UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

CRIMINAL NO. 3:08cr229-FDW

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) **CONSENT ORDER AND JUDGMENT OF** ) **FORFEITURE** ) |
| DOUGLAS BISASOR SOSA, | ) ) |
| Defendant. | ) |

BASED UPON the defendant's plea of guilty, and finding that there is a substantial nexus between the property listed below and the offense to which the defendant has pled guilty and that the defendant has or had a legal interest in the property, IT IS HEREBY ORDERED THAT:

1. The following property is forfeited to the United States pursuant to 18 U.S.C. §§ 981 and 982, 21 U.S.C. § 853, and/or 28 U.S.C. §2461(c):

    **Approximately $50,422.70 in proceeds[1] of the offense set forth in the Bill of Indictment;**

    **One Gateway notebook computer, Model #8510GZ, Serial Number T225701006317;**

    **One Hewlett-Packard notebook computer, Serial Number CNF64036SR;**

    **One Apple MacBook Pro notebook computer, Serial Number YD73003UW0J, mouse, and Apple software;**

    **One Apple iPhone, Serial Number 2C7440RRYMV; and**

    **One Apple iPod, Serial Number 4J547LSUTXK.**

2. The United States Marshal and/or other property custodian for the investigative agency is authorized to take possession and maintain custody of the above-described tangible property;

3. The United States shall, to the extent practicable, provide direct written notice to any persons known to have alleged an interest in the seized property, and shall publish notice of this

---

[1] This proceeds amount represents the initial $71,000 in proceeds, less the $20,577.30 value of property that Secret Service has already administratively forfeited in a related case.

forfeiture as required by law;

4. Any person, other than the defendant, asserting any legal interest in the property may, within thirty days of the publication of notice or the receipt of notice, whichever is earlier, petition the court for a hearing to adjudicate the validity of the alleged interest;

5. Following the Court's disposition of all timely petitions filed, a final order of forfeiture shall be entered. If no third party files a timely petition, this order shall become the final order and judgment of forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2), and the United States shall have clear title to the property, and shall dispose of the property according to law.

The parties stipulate and agree that the aforementioned assets constitute properties derived from or traceable to proceeds of defendant's crime(s) herein, properties used in any manner to facilitate the commission of such offense(s), and/or substitute properties and are therefore subject to forfeiture pursuant to 18 U.S.C. §§ 981 and 982, 21 U.S.C. § 853, and/or 28 U.S.C. §2461(c). The defendant hereby waives the requirements of Fed. R. Crim. P. 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment against defendant. If the defendant has previously submitted a claim in response to an administrative forfeiture proceeding regarding any of this property, defendant hereby withdraws that claim. If defendant has not previously submitted such a claim, defendant hereby waives all right to do so.

ANNE M. TOMPKINS
UNITED STATES ATTORNEY

_____
BENJAMIN BAIN-CREED
Assistant United States Attorney

_____
DOUGLAS BISASOR SOSA
Defendant

_____
PETER ADOLF, ESQ.
Attorney for Defendant

Signed this the 3rd day of September, 2010.

_____
FRANK D. WHITNEY
UNITED STATES DISTRICT JUDGE